IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LISA DIANNE HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:20-cv-404-RAH-WC |
| | ) | (WO) |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Plaintiff's motion to remand, (*see* Doc. 8), this case to the Circuit Court of Russell County, Alabama. In her motion, Plaintiff Lisa Dianne Hall (Hall) argues that her June 8, 2020, *post*-suit settlement demand letter, (*see* Doc. 1-3), of $100,000 to Defendant State Farm Mutual Automobile Insurance Company (State Farm), which State Farm submitted as proof of the amount in controversy,[1] should be ignored because it is "boilerplate" and mere "puffing and posturing." (Doc. 8 at 5, 7.)

Because the June 8, 2020, letter also made specific reference to Hall's "original demand letter" dated October 15, 2018, (*see* Doc. 14-1 at 2), State Farm attached Hall's October 15, 2018, original demand letter in its response, (*see* Doc. 14-1 at 4-15), as additional supportive evidence of the amount in controversy in this case. While the October 15, 2018, settlement demand was not attached to State Farm's initial removal

---

[1] The parties do not raise any issue concerning the diversity of the parties or with the timeliness of removal, and therefore the Court will not address those issues; instead, it will focus only on whether State Farm has met its burden on the issue of the amount in controversy.

1

notice, this Court nevertheless can consider it.  *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 772-74 (11th Cir. 2010).

Generally, written settlement demands made by plaintiff's counsel can be considered by a federal district court for purposes of determining whether the court has diversity jurisdiction over a particular dispute. *See Davis v. Ray*, No. 2:19-CV-932-WKW, 2020 WL 1916170, at * 2 (M.D. Ala. April 20, 2020) (citing *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 WL 1532129, at * 4 (S.D. Fla. June 1, 2009)).  While a settlement demand letter "by itself, may not be determinative" and is "not conclusive proof" of the amount in controversy, "it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). "In determining what that 'something' is, courts draw distinctions between settlement offers steeped in puffery and posturing at a high level of abstraction, on the one hand, and those yielding particularized information and a reasonable assessment of value, on the other." *Montreuil as Next Friend of Z.M. v. Costco Wholesale Corp.,* No. 2:18-CV-706-MHT, 2020 WL 1243383, at *1 (M.D. Ala. Mar. 13, 2020) (citation and internal quotation marks omitted). A settlement demand adds monetary weight to the amount in controversy "when it provides enough specific information to support the plaintiff's claim for damages to indicate that the offer is a reasonable assessment of the value of the plaintiff's claim." *Simpson v. Primerica Life Ins., Co.*, No. 2:15-CV-777-WKW-PWG, 2015 WL 9315658, at * 9 (M.D. Ala. Dec. 3, 2015) (citation omitted), *report and recommendation adopted*, 2:15-CV-777-WKW-PWG, 2015 WL 9413876 (M.D. Ala. Dec. 22, 2015).

The October 15, 2018, settlement demand letter is eleven-pages long and contains detailed and particularized information concerning the underlying tortfeasor's fault for the accident, the severity of the collision including damage to the involved vehicles, Hall's extensive and serious injuries, including neck surgery (decompression and fusion at C4-C5 and C5-C6), detailed information concerning her medical providers and visits, her pain and suffering, pain management, physical therapy, permanent scarring, limitations on life activities, and itemized medical bills from her medical providers of $81,353, all of which culminate in a $600,000 settlement demand "for her injury claim." (Doc. 14-1 at 4-15.) Hall's recent demand letter of June 8, 2020, does nothing to discount the information, statements, representations, claims and demands she made in the October 15, 2018, letter; instead, the June 8, 2020, letter further embraced it.

Based on the foregoing principles, the October 15, 2018, settlement demand letter tips the preponderance-of-the-evidence scales in State Farm's favor. As previously stated, it is an extremely comprehensive and particularized letter that consists of pages upon pages of detailed information concerning Hall's injuries and damages. *See, e.g., Ingram v. Hobby Lobby Stores, Inc.*, No. 1:19-cv-183-ECM, 2019 WL 3346483 (M.D. Ala. July 25, 2019) (denying remand because settlement demand letter contained sufficient concrete information regarding plaintiff's damages to satisfy the $75,000 jurisdictional threshold). Indeed, the letter apparently was so comprehensive that it compelled the insurance carrier for the tortfeasor to promptly tender its insurance policy limits of $100,000. (*See* Doc. 14-1 at 2.) In other words, it is far from the type of boilerplate and puffery settlement letters

that have been condemned by courts as providing little-to-no detail and information regarding the subject matter made the basis of a lawsuit.

Accordingly, for the reasons as stated, and for good cause, it is ORDERED that the Plaintiff's Motion to Remand, (Doc. 8), is DENIED.

DONE, this 17th day of August, 2020.

                                         /s/ R. Austin Huffaker, Jr.
                                       R. AUSTIN HUFFAKER, JR.
                                       UNITED STATES DISTRICT JUDGE